UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACI A. BRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Case No. C12-5221-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This matter comes before the Court on the Commissioner's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and failure to exhaust administrative remedies. Dkt. 15. After careful consideration of the Commissioner's motion, plaintiff's counsel's Declaration in Opposition, the governing law, and the balance of the record, the Court recommends that the Commissioner's motion, Dkt. 15, be GRANTED IN PART, DENIED IN PART, and this case be REMANDED for further administrative proceedings.

Page 1 – REPORT AND RECOMMENDATION

## II. BACKGROUND

The following facts are undisputed, unless otherwise noted. On December 12, 2007, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Dkt. 19, Ex. 2. Plaintiff's application was denied initially on June 2, 2008, and upon reconsideration on September 18, 2008. *Id*. Plaintiff requested a hearing by an administrative law judge ("ALJ"), which was held on February 19, 2010 in Seattle, Washington. *Id*. On March 22, 2010, the ALJ issued a decision denying plaintiff's claim for benefits. *See id*., Exs. 1-2.

Although the Commissioner argues in his brief that plaintiff and her attorney were both mailed a written "Notice of Decision – Unfavorable" along with a copy of the ALJ's decision on March 22, 2010, the Commissioner failed to provide any evidence confirming that the notice was actually deposited in the mail with sufficient postage on that date. The only evidence provided by the Commissioner was a copy of the "Notice of Decision – Unfavorable" dated March 22, 2010, and addressed to the plaintiff. Dkt. 19, Ex. 1. Although the Commissioner also provides a declaration from Robert Weigel, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations at the Office of Disability Adjudication and Review ("ODAR"), Mr. Weigel does not assert in his declaration that these documents were actually deposited in the mail on March 22, 2010. Dkt. 19 (Weigel Decl.). In fact, Mr. Weigel does not reference the notice in his declaration at all. *See id*.[1] Thus, although the Commissioner's brief cites to Mr. Weigel's declaration as support for his

---

[1] Mr. Weigel simply asserts that the Electronic Disability ("e-DIB") case processing system within the ODAR disclosed the dates that plaintiff filed her application for DIB, the dates that her application was denied initially and upon reconsideration, the date of the ALJ's unfavorable decision, the date that plaintiff filed a request for review, and the date that the Appeals Council dismissed plaintiff's request for review as untimely filed. *See id.* at 2-3.

1 argument that the notice and unfavorable decision were mailed to plaintiff and plaintiff's

2 counsel on March 22, 2010, the declaration does not address this issue.

3 It is undisputed that plaintiff did not request review of the ALJ's decision until almost

4 three months after the ALJ's unfavorable decision had been entered. Dkt. 20; Dkt. 21 at 1

5 (Comstock Decl.). Specifically, on June 18, 2010, plaintiff's attorney sent a request for review

6 of the ALJ's decision to the Appeals Council by certified mail/return receipt requested, which

7 was received by the Appeals Council on June 21, 2010. Dkt. 21, Ex. B at 4. Plaintiff's

8 attorney enclosed a copy of the ALJ's unfavorable decision, along with a letter explaining that

9 "[n]either I nor my client received a copy of the decision prior to June 10, 2010," despite the

10 fact that the notice was dated March 22, 2010. *Id.* To support his assertions, plaintiff also sent

11 the Appeals Council a copy of the notice and unfavorable decision bearing a date stamp of

12 June 10, 2010, "showing the date of receipt by my office." Dkt. 21, Exs. A, B. Thus, plaintiff

13 asserts that his June 2010 "filing was well within the sixty (60) days of receipt, and therefore

14 should be considered timely." Dkt. 21 at 2 (Comstock Decl.).

15 On December 15, 2010, plaintiff's counsel received a letter from the ODAR

16 inaccurately asserting that "there is no statement or other information [in the request for

17 review] about why you did not file the appeal on time." Dkt. 21, Ex. C. The letter also

18 instructed plaintiff to "send us a statement showing the reason(s) why you did not file the

19 request for review within 60 days . . . If you show that you did not receive notice of the

20 [ALJ]'s action within 5 days after the date on it, the Appeals Council may find that your

21 appeal is timely." *Id*.

22 On December 16, 2011, plaintiff's counsel faxed a letter to the Appeals Council, once

23 again reiterating that although the notice was dated March 22, 2010, neither plaintiff nor

24

Page 3 – REPORT AND RECOMMENDATION

plaintiff's counsel received it until June 10, 2010.  *Id*., Ex. D.  The fax also included a copy of plaintiff's counsel's prior letter to the Appeals Council, the request for review, and the notice and unfavorable decision date-stamped June 10, 2010.  *Id*.

On January 18, 2012, the Appeals Council dismissed plaintiff's request for review as untimely, and found no good cause to extend the time for filing.  *Id*., Ex. E.  Specifically, the Order of the Appeals Council provides that "although it is contended that neither you or (sic) your representative received a copy of the unfavorable decision dated March 22, 2010, an address check confirms that it was sent to your correct address . . . A check of the electronic case file does not show that any mail has been returned for either you or your attorney."  *Id*.  In other words, although the records at the ODAR did not contain any evidence regarding what date the notice and a copy of the decision were actually mailed to the plaintiff and plaintiff's counsel, the Appeals Council denied plaintiff's request for review because there was no indication that mail sent to their addresses was returned as undeliverable.

Plaintiff initiated this action on March 13, 2012.  Dkt. 1.  The Commissioner moved to dismiss, arguing that plaintiff has not exhausted her administrative remedies.  Dkt. 15.  The plaintiff opposed the motion, arguing that she received "defective notice" of the ALJ's unfavorable decision, as it was not received by the plaintiff or plaintiff's counsel prior to June 10, 2010.  Dkt. 21 at 2 (Comstock Decl.).  As a result, plaintiff "requests that the Court remand this case to the Appeals Council for a full and fair review on the merits in accordance with the appeal received by the Appeals Council on June 21, 2010."  *Id*. at 2-3.

Page 4 – REPORT AND RECOMMENDATION

### III.   ANALYSIS

#### A.   <u>Legal Standards Governing Motions to Dismiss under Fed. R. Civ. P. 12(b)(1)</u>

Motions to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction are treated differently depending on whether the motion attacks the pleading facially or factually.  *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).  A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer et al.*, 373 F.3d 1035, 1039 (9th Cir. 1987).  By contrast, a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  A court may consider extra-pleading material when resolving factual challenges.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

As discussed above, both parties in this case have submitted extra-pleading evidence for the Court to consider when evaluating the Commissioner's motion.  The Court may properly consider that evidence because the Commissioner's motion to dismiss is a factual attack on plaintiff's assertion that she fully exhausted her remedies.  Thus, it is appropriate for this Court to consider extra-pleading material to resolve this dispute, and the Court need not convert the Commissioner's motion to dismiss into a motion for summary judgment.

#### B.   <u>Process for Requesting Appeals Council Review of an Unfavorable Decision</u>

The Code of Federal Regulations sets forth the process for a claimant to request Appeals Council review of an unfavorable decision by the ALJ.  Generally, a claimant must file their request for review in writing within 60 days after the date the claimant received notice of the hearing decision or dismissal, or within the extended time period if the Commissioner granted an extension of time.  20 C.F.R. § 404.968(a).  A claimant's written

request for an extension of time to request review by the Appeals Council "must give the reasons why the request for review was not filed within the stated time period." 20 C.F.R. § 404.968(b). The Commissioner uses the standards set forth in 20 C.F.R. § 404.911 to determine whether "good cause" for an extension of time exists, and 20 C.F.R. § 404.911(b)(7) provides that "good cause" includes a situation where "[the claimant] did not receive notice of the determination of the decision." Under the regulations, the "date of receipt of notice of denial of request for review of the [ALJ]'s decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) ("'Mailing' is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice.").

### C. Federal Courts' Jurisdiction Under the Social Security Act

A federal district court's review of claims arising under Title II of the Social Security Act is limited, and the court does not have subject matter jurisdiction over such claims unless a claimant has exhausted her administrative remedies as set forth in the Social Security Act. *See* 42 U.S.C. § 405(g); *Subia v. Comm. of Soc. Sec.,* 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). Specifically, 42 U.S.C. § 405(g) "provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim." *Bass,* 872 F.2d at 833. A claimant obtains the Commissioner's "final decision" only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). A claimant's failure to exhaust her administrative remedies deprives the district

court of subject matter jurisdiction. *Bass*, 872 F.2d at 833.

The Code of Federal Regulations further defines "reviewable 'final decisions' as decisions by the Appeals Council either reviewing or denying review of an ALJ decision." *Matlock v. Sullivan,* 908 F.2d 492, 493 (9th Cir. 1990) (citing 20 C.F.R. § 416.1481 (1989)). If the Appeals Council dismisses a request for review without granting or denying review, the dismissal is "binding and not subject to further review." *See* 20 C.F.R. § 416.1472. *See also Bass*, 872 F.2d at 833 ("The decision made following the hearing does not become the final decision . . . until the claimant requests review by the appeals council, and the [A]ppeals [C]ouncil either grants or denies review."). Thus, the Ninth Circuit has held that "Appeals Council decisions to refrain from considering untimely petitions for review are not final decisions subject to review in federal court." *Matlock*, 908 F.2d at 493. *See also Udd v. Massanari,* 245 F.3d 1096, 1098-99 (9th Cir. 2001).

In *Califano v. Sanders*, however, the U.S. Supreme Court recognized an exception to this rule for "colorable constitutional claims." 430 U.S. 99, 107-09 (1977) (noting that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). The Ninth Circuit has asserted that "[w]e understand the *Sanders* exception to 'appl[y] to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" *Klemm v. Astrue*, 543 F.3d 1139, 144-45 (9th Cir. 2008) (quoting *Udd,* 245 F.3d at 1099). A constitutional claim is colorable if it is "not 'wholly insubstantial, immaterial, or frivolous.'" *Id.* at 1144 (quoting *Boettcher v. Sec'y of Health & Human Servs.,* 759 F.2d 719, 722 (9th Cir. 1985)). A "mere allegation of a due process violation" is not a

colorable constitutional claim. *Anderson v. Babbitt,* 230 F.3d 1158, 1163 (9th Cir. 2000) (citing *Hoye v. Sullivan,* 985 F.2d 990, 992 (9th Cir. 1993)).  Rather, the claim must be supported by "'facts sufficient to state a violation of substantive or procedural due process.'" *Id.* (quoting *Hoye,* 985 F.2d at 992).

D. <u>Plaintiff Failed to Exhaust Her Administrative Remedies</u>.

The Commissioner asserts that plaintiff failed to exhaust her administrative remedies because she failed to obtain a "final decision" of the Commissioner.  Because the Appeals Council dismissed, rather than denied, plaintiff's request for review as untimely, the Commissioner argues that the Appeals Council's notice was not subject to further review. Dkt. 15 at 5 (citing 20 C.F.R. § 404.972).  The Commissioner concedes that a court may waive a claimant's failure to exhaust administrative remedies where "the claimant asserts a colorable constitutional claim that would be unsuitable for determination in an administrative proceeding . . . [This] exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Id.* at 7 (citing *Klemm*, 543 F.3d at 144-45).  The Commissioner argues, however, that "plaintiff does not allege any facts that show she was denied notice or a meaningful opportunity to be heard.  Moreover, the notice of decision detailed the process for requesting review by the Appeals Council hearing before an ALJ." *Id*. at 7.

Plaintiff does not dispute that she failed to obtain a "final decision" of the Commissioner, but argues that she should be excepted from the exhaustion requirement because she did not receive notice of the ALJ's unfavorable decision within the sixty-day limitation period. Dkt. 21 at 2 (Comstock Decl.).  As a result, plaintiff asserts that the Appeals

Page 8 – REPORT AND RECOMMENDATION

1  Council failed to consider the merits of her appeal from the ALJ's unfavorable decision.

2  Plaintiff requests a remand to the Appeals Council. *See id*. at 2-3.

3      The Court agrees with the parties that the plaintiff did not obtain a "final decision" of

4  the Commissioner, because an Appeals Council dismissal does not constitute a "final

5  decision" within the meaning of 42 U.S.C. § 405(g). Furthermore, a dismissal of request for

6  review is "not subject to further review." 20 C.F.R. § 416.1472. *See Matlock,* 908 F.2d at 494

7  (affirming "[t]he district court's holding that it lacked jurisdiction to review the Appeals

8  Council's discretionary refusal to consider an untimely request for review[.]"). Thus, plaintiff

9  has clearly failed to exhaust her administrative remedies and the Court does not have

10 jurisdiction to review plaintiff's claims under 42 U.S.C. § 405(g). Thus, the Commissioner's

11 motion to dismiss should be GRANTED as to plaintiff's claims under 42 U.S.C. § 405(g).

12     The sole remaining question before the Court is whether plaintiff's argument that she

13 received "defective notice" of the ALJ's unfavorable decision raises a "colorable

14 constitutional claim" sufficient for this Court to waive her failure to exhaust, and grant judicial

15 review.

16     E.    <u>Plaintiff's Arguments Raise a Colorable Due Process Claim</u>

17     As discussed above, the U.S. Supreme Court carved out a jurisdictional exception to

18 the exhaustion requirement in *Sanders* "appl[ying] to any colorable constitutional claim of due

19 process violation that implicates a due process right either to a meaningful opportunity to be

20 heard or to seek reconsideration of an adverse benefits determination." *Udd,* 245 F.3d at 1099

21 (quoting *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)); *see also Califano*, 430 U.S. at

22 109. "A 'mere allegation of a due process violation' is not a colorable constitutional claim."

23 *Klemm*, 543 F.3d at 1144 (*quoting Anderson,* 230 F.3d at 1163). "Rather, the claim must be

24

Page 9 – REPORT AND RECOMMENDATION

1  supported by 'facts sufficient to state a violation of substantive or procedural due process.' "

2  *Id.* (*quoting Hoye*, 985 F.2d at 992). This exception applies only "in certain special cases,"

3  such as where a plaintiff raises a challenge (1) collateral to his claim for benefits, and makes

4  (2) a colorable showing that his or her injury could not be remedied by the retroactive payment

5  of benefits after exhaustion of administrative remedies. *Heckler v. Ringer*, 466 U.S. 602, 617

6  (1984) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976)).

The Commissioner contends that "plaintiff does not allege any facts that show she was denied notice or a meaningful opportunity to be heard." Dkt. 15 at 7. Moreover, the Commissioner argues that plaintiff's due process claim is not collateral to her substantive claim of entitlement to benefits, because "plaintiff's complaint seeks review of the ALJ's decision . . . therefore it is solely a claim for benefits and does not raise a colorable constitutional claim." *Id*.

The Court disagrees, and finds that plaintiff has stated at least a "colorable constitutional claim" of a due process violation implicating her right to a meaningful opportunity to be heard. *See Sanders*, 430 U.S. at 107-09; *Udd*, 245 F.3d at 1099. Contrary to the Commissioner's assertion that "plaintiff does not allege any facts that show she was denied notice or a meaningful opportunity to be heard," plaintiff is arguing precisely that she was denied notice of the Commissioner's unfavorable decision and as a result, was denied a meaningful opportunity for the merits of her substantive claim to be heard by the Appeals Council. Plaintiff's due process claim is also not wholly insubstantial, immaterial, or frivolous. She has gone beyond bare assertions and provided evidence corroborating her claim, in the form of a declaration asserting that the notice of the ALJ's unfavorable decision

Page 10 – REPORT AND RECOMMENDATION

"was not received by Plaintiff or [her counsel] prior to June 10, 2010," as well as a copy of the date-stamped notice. Dkt. 21 at 2 (Comstock Decl.); Dkt. 21, Ex. A.

By contrast, the Commissioner has failed to provide any evidence that the notice and unfavorable decision were actually mailed to the plaintiff on March 22, 2010. As mentioned above, Mr. Weigel did not assert in his declaration that to the best of his knowledge and belief, copies of the notice and decision had been mailed to the plaintiff and her representative on the same date the ALJ's unfavorable decision was entered. *See* Dkt. 19 (Weigel Decl.). Even Mr. Weigel's discussion of the contents of the Social Security Administration's electronic folder in his declaration did not provide any evidence sufficient to raise an inference that the notice and unfavorable decision were actually deposited in the mail with sufficient postage on March 22, 2010. *See id.* In the absence of any evidence from the Commissioner regarding the actual mailing of the notice and unfavorable decision, the Court declines to assume that plaintiff received constitutionally sufficient notice.

In addition, plaintiff's due process claim appears to satisfy the requirements set forth in *Heckler* and *Mathews*. *See Heckler*, 466 U.S. at 617; *Mathews*, 424 U.S. at 330-32. Specifically, plaintiff's due process claim is collateral to her substantive claim regarding her entitlement to benefits, because it is based on a claim of lack of constitutionally sufficient notice that her claim for benefits was denied. Moreover, the injury to plaintiff resulting from the alleged due process violation may not be recompensable through retroactive payments following exhaustion of administrative remedies, as the passage of time may cause plaintiff to lose her disability insured status and prevent her from ever being able to secure disability insurance benefits or retroactive payments even if she is later determined to be disabled under Title II.

Although plaintiff has raised at least a "colorable claim" that she was denied constitutionally sufficient notice of the ALJ's unfavorable decision, there remains a question of fact as to when the Commissioner actually provided plaintiff with notice of the ALJ's unfavorable decision. Without a resolution of this issue, the Court is unable to assess the validity of plaintiff's due process claim.

Accordingly, the Court recommends that the Commissioner's motion to dismiss be DENIED in part, and this matter be REMANDED for further proceedings. Specifically, the Commissioner shall consider testimony and/or affidavits and enter findings as to whether plaintiff was actually mailed a copy of the ALJ's unfavorable decision and accompanying notice on March 22, 2012. If the Commissioner finds that the decision and notice were properly mailed, the Commissioner may find that the Appeals Council properly dismissed plaintiff's request for review as untimely. If the Commissioner does not find that the decision and notice were properly mailed, the Appeals Council's order dismissing plaintiff's request for review must be vacated.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's motion to dismiss, Dkt. 15, be GRANTED IN PART and DENIED IN PART, and this case be REMANDED for administrative proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of August, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge